JOSEPH T. MCNALLY
Acting United States Attorney
LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division
DIANE ROLDÁN (Cal. Bar No. 288224)
Assistant United States Attorney
General Crimes Section
JEREMY K. BEECHER (Cal. Bar No. 301272)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1200/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6567/5429
     Facsimile: (213) 894-0141
     E-mail:   diane.roldan@usdoj.gov
               jeremy.beecher@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00402-FMO-2 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CINDY INTHAVONG |
| v. | |
| CINDY INTHAVONG, | |
| Defendant. | |

1. This constitutes the plea agreement between Cindy Inthavong ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Haselkorn, et al.</u>, Case No. 2:23-CR-00402-FMO-2, which charges defendant with conspiracy to distribute methamphetamine and fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi) and (viii).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant

agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

        d.  At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4.  Defendant understands that for defendant to be guilty of the crime charged in count one, that is, conspiracy to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi) and (viii), the following must be true: (1) there was an agreement between two or more people to distribute a mixture and substance containing detectable amounts of fentanyl and methamphetamine; and (2) defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

5.  Defendant understands that for defendant to be subject to the statutory maximum and statutory minimum sentences set forth below, the government must prove beyond a reasonable doubt that the conspiracy charged in count one involved at least 400 grams of a mixture and substance containing a detectable amount of fentanyl, or at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine. Defendant admits that defendant, in fact, conspired to distribute controlled substances consisting of at least 400 grams of a mixture and substance containing a detectable amount

of fentanyl, and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, as described in count one of the indictment.

7. Defendant further understands that the law may require the government to prove beyond a reasonable doubt that the type and quantity of the charged controlled substance fell within the scope of defendant's agreement and were reasonably foreseeable to defendant. Defendant admits that the distribution of controlled substances consisting of at least 400 grams of a mixture and substance containing a detectable amount of fentanyl and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine fell within the scope of defendant's agreement and were reasonably foreseeable to her.

## PENALTIES

7. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi) and (viii), is: life imprisonment; a lifetime period of supervised release; a fine of $10,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8. Defendant understands that, absent a determination by the Court that defendant's case satisfies the criteria set forth in 18 U.S.C. § 3553(f), the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(vi) and (viii), is: ten years' imprisonment, followed by a five-year period of supervised release, and a mandatory special assessment of $100.

9. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

5

12.    Defendant and her counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status.  Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

13.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 15 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct:

Beginning no later than April 5, 2021, and continuing to August 4, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant joined into an agreement with co-defendant Howard Haselkorn and others to distribute controlled substances consisting of at least 400 grams of a mixture containing a detectable amount of fentanyl and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine (the "drug trafficking conspiracy").  Defendant joined the drug trafficking conspiracy knowing of its purpose and intending to help accomplish that purpose.

In furtherance of the drug trafficking conspiracy, defendant possessed on July 27, 2023:  More than 975 grams of a mixture and substance containing a detectable amount of fentanyl; more than 2.5 kilograms of a mixture and substance containing a detectable amount of methamphetamine; more than 400 grams of a mixture and substance containing a detectable amount of MDMA; and 50 grams of a mixture and substance containing a detectable amount of cocaine.

Defendant utilized two premises in further of the drug trafficking conspiracy.  First, defendant leased in her name a drug lab in an industrial building in downtown Los Angeles, with the knowledge that co-defendant Haselkorn would then operate the drug lab to manufacture, press, and package drugs for distribution. As of July 27, 2023, when law enforcement executed a search warrant of the drug lab, the drug lab housed: two pill presses collectively capable of making 8,000 pills per hour; beakers and blenders used to process methamphetamine; chemicals and cutting agents; and various equipment, beakers, and petri dishes.  Second, defendant stored controlled substances at, and sold them out of, her apartment in downtown Los

Angeles, which she shared with co-defendant Howard Haselkorn and their infant. As of July 27, 2023, when law enforcement executed a search warrant of the apartment, it contained, in addition to methamphetamine and fentanyl: orange counterfeit Adderall pills; MDMA pills with the Tesla logo on them; Xanax pills; loose M30 pills; and more than $16,000 in cash. Some of the foregoing narcotics were located within feet of a baby play area, and there were fentanyl and methamphetamine pills loose on counters.

## SENTENCING FACTORS

14. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

15. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | U.S.S.G. §§ 2D1.1(a)(5), (c)(4) |
| Minor role | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under

the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

16. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

17. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

18. Defendant and the USAO agree that:

   a. Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense charged in count one of the indictment;

   b. The offense charged in count one of the indictment did not result in death or serious bodily injury to any person; and

   c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense charged in count one of the indictment and was not engaged in a continuing criminal enterprise.

## WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant

9

1  understands, however, that, defendant retains the right to be
2  represented by counsel -- and if necessary have the Court appoint
3  counsel -- at every other stage of the proceeding.
4         d.   The right to be presumed innocent and to have the
5  burden of proof placed on the government to prove defendant guilty
6  beyond a reasonable doubt.
7         e.   The right to confront and cross-examine witnesses
8  against defendant.
9         f.   The right to testify and to present evidence in
10 opposition to the charges, including the right to compel the
11 attendance of witnesses to testify.
12        g.   The right not to be compelled to testify, and, if
13 defendant chose not to testify or present evidence, to have that
14 choice not be used against defendant.
15        h.   Any and all rights to pursue any affirmative defenses,
16 Fourth Amendment or Fifth Amendment claims, and other pretrial
17 motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

19   20.  Defendant understands that, with the exception of an appeal
20 based on a claim that defendant's guilty plea was involuntary, by
21 pleading guilty defendant is waiving and giving up any right to
22 appeal defendant's conviction on the offense to which defendant is
23 pleading guilty.  Defendant understands that this waiver includes,
24 but is not limited to, arguments that the statute to which defendant
25 is pleading guilty is unconstitutional, and any and all claims that
26 the statement of facts provided herein is insufficient to support
27 defendant's plea of guilty.
28

21.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22.  Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to the total offense level calculated by the Court and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions

1  authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation
2  or supervised release agreed to by defendant in paragraph 2(h) above.
3       23.  The USAO agrees that, provided (a) all portions of the
4  sentence are at or above the statutory minimum and at or below the
5  statutory maximum specified above and (b) the Court imposes a term of
6  imprisonment within or above the range corresponding to an offense
7  level of 35 and the criminal history category calculated by the
8  Court, the USAO gives up its right to appeal any portion of the
9  sentence.

RESULT OF WITHDRAWAL OF GUILTY PLEA

11       24.  Defendant agrees that if, after entering a guilty plea
12 pursuant to this agreement, defendant seeks to withdraw and succeeds
13 in withdrawing defendant's guilty plea on any basis other than a
14 claim and finding that entry into this plea agreement was
15 involuntary, then (a) the USAO will be relieved of all of its
16 obligations under this agreement; and (b) should the USAO choose to
17 pursue any charge that was either dismissed or not filed as a result
18 of this agreement, then (i) any applicable statute of limitations
19 will be tolled between the date of defendant's signing of this
20 agreement and the filing commencing any such action; and
21 (ii) defendant waives and gives up all defenses based on the statute
22 of limitations, any claim of pre-indictment delay, or any speedy
23 trial claim with respect to any such action, except to the extent
24 that such defenses existed as of the date of defendant's signing this
25 agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

26. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

14

to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 15 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional

1  promise, understanding, or agreement may be entered into unless in a
2  writing signed by all parties or on the record in court.
3           <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>
4       33.  The parties agree that this agreement will be considered
5  part of the record of defendant's guilty plea hearing as if the
6  entire agreement had been read into the record of the proceeding.
7  AGREED AND ACCEPTED
8  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
9
   JOSEPH T. MCNALLY
10 Acting United States Attorney

11                                              3/26/2025
12 _____   _____
   DIANE ROLDÁN                          Date
   JEREMY K. BEECHER
13 Assistant United States Attorneys

14                                              3/26/25
   _____   _____
   CINDY INTHAVONG                       Date
15 Defendant

16 _____   March 26, 2025
   JENNIFER WILLIAMS                     _____
17 Attorney for Defendant                Date
   CINDY INTHAVONG
18

19
20 //

21 //

22

23

24

25

26

27

28

                                    16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     3/26/25
CINDY INTHAVONG                     Date
Defendant

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am CINDY INTHAVONG's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     March 26, 2025
JENNIFER WILLIAMS              _____
Attorney for Defendant         Date
CINDY INTHAVONG